On the Merits.
The defendant urges in his defense, in the first place, that the parish is without authority to prosecute in the name of the State. This would be quite true if the proceedings were civil. The Oonstitution has spoken upon this subject in words not to be misunderstood. The words of the organic law are mandatory. They must be interpreted as written when the meaning is plain. The failure or neglect to pay this tax is made, in its nature, criminal. No previous special notice is required in a criminal proceeding, or proceeding in its nature criminal, such as is required in a civil action. This is not a civil action to collect a road tax, but a criminal proceeding to compel the defendant to pay a fine, or work on the road, should the defendant be found guilty of failure, or refusal to pay the tax.
In reference to the notice to the tax-payer, as relates to this tax, obviously it was the intention of the iconstitutional convention to give to the Police Jury considerable latitude.
We do not consider in a strict sense that- the question of method adopted to notify the pei< capita tax debtor is before us for adjudication at this time. We therefore only hold that in view of the power conferred on the Police Jury, it is not essential for the indictment or information to contain a recital of the steps followed in giving notice to the tax-payer of the per capita road tax. Defendant specially urges that the impression of a penalty for the non-payment of a tax without notice of delinquency being given, is not due process of law.
That is quite true in a civil action for the collection of taxes, but here, the constitution has taken the steps for the recovery of this tax out of the category of civil proceedings, and made it in its nature, criminal. From that point of view the citation, summons, and ordinary service of notice are not essential in order that the proceedings may be considered due process of law.
We understand that a rule applying to all alike is followed in order to collect the tax, and. there is nothing of record showing that the due course of law in matters in their nature criminal had not been followed..
*2053 Another’complaint is that the Police Jury has not divided the parish into road districts under the Constitution of 1898, and that there is no evidence showing- proper promulgation of the ordinance. We judge from the brief of the defendant’s counsel that this position is abandoned, for, from it, we quote: “Admitted that the ordinance in the transcript was duly, passed by the .Police Jury of Bossier Parish, in regular session convened on July 5th, 1898, and was duly published on July 14th, 1898, in the Bossier Banner, the official journal of the Police Jury, he appeals and relies for relief upon the ground that the bill of indictment filed and the judgment thereon was illegal and unconstitutional, as set forth in his motion to quash and in arrest of judgment.”
Moreover, the objection on the score before stated would fall even if it liad not been waived, for the question being one of law and facts, is not presented for our consideration by recitals of points of law and facts, as required by a bill of exceptions.
The next ground in the order of defense is that the Police Jury has no power to create a misdemeanor and subject one to criminal prosecution. The word “misdemeanor”, is written in the ordinance. We do not think that its use in a Police Jury ordinance of this nature has the effect of vitiating the ordinance.
It must be borne in mind that the power conferred on this body by the Constitution is entirely exceptional and applies to public -roads placed under its special supervision and control. Unquestionably in •exerting that power, it may pass ordina¡nces to compel payment of this tax or incur a penalty in the manner which, as we understand, has been followed here. The ordinance is complete in itself, without reference to the word disdemeanor. If it should be entirely eliminated, there yet remains an ordinance having full force and effect.
The public roads always excite attention. They are the property of the sovereign authority; the general public. There are some who point to the degree of perfection to which they have been carried and are pleased to recall that it generally corresponds to the degree of civilizalion of the country in which they are situated. Although this be true, it requires prudent direction on the part of those in charge. The rule necessarily must fall justly, and not harshly, on all alike, the poor and the rich. Borrowing- the words of an ancient bard on'the subject: aequo pulsat pede pauperum tabernas; regumque turres. Each should feel that the community is interested in having good roads *2054 and that in this general improvement all should be concerned, and that to it every one is called upon to contribute.
Eor the reasons given above it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.
Blanchard, J. concurs in the decree.